UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLIE LEE MILLION,<br><br>    Plaintiff,<br><br>  v.<br><br>R. MANUEL, Chief of Inmate Appeals, et al.,<br><br>    Defendants. | Case No. C 14-0205 KAW (PR)<br><br>ORDER OF DISMISSAL |

Plaintiff, a state prisoner incarcerated at Salinas Valley State Prison proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 and moved pursuant to 28 U.S.C. § 1915(g) for permission to proceed *in forma pauperis* ("IFP"). On March 17, 2014, the Court issued an Order Denying Plaintiff's Motions and for Plaintiff to Show Imminent Danger Under Section 1915(g). On April 14, April 17 and May 2, 2014, Plaintiff filed responses to the Court's order for him to show imminent danger. For the reasons discussed below, the Court finds that Plaintiff was not in imminent danger at the time he filed this lawsuit and dismisses the complaint under 28 U.S.C. § 1915(g).

## DISCUSSION

The Prison Litigation Reform Act of 1995 ("PLRA"), enacted April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment IFP under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that

1  it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the

2  prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  The plain

3  language of the imminent danger clause in § 1915(g) indicates that "imminent danger" is to be

4  assessed at the time of filing of the complaint.  *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th

5  Cir. 2007); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (en banc); *Medberry v.*

6  *Butler*, 185 F.3d 1189, 1192-93 (11th Cir. 1999.  The conditions that existed at some earlier or

7  later time are not relevant.  *Andrews*, 493 F.3d at 1053.

8      In the Court's March 17, 2014 Order, it found that Plaintiff was a vexatious litigant under

9  section 1915(g) and that Plaintiff could proceed in this civil rights action only if he met the

10 "imminent danger of serious physical harm" exception.  The Court noted that, from the allegations

11 in Plaintiff's complaint, it appeared that the alleged constitutional violations and any resulting

12 imminent danger occurred in the past, not at the time Plaintiff filed his complaint.  However, in an

13 abundance of caution, the Court granted Plaintiff leave to show why he was in imminent danger at

14 the time he filed his complaint.

15     It is apparent from Plaintiff's three responses that the alleged constitutional violations

16 occurred in the past and he was not in imminent danger at the time he filed his complaint.  For

17 instance in docket number 9, Plaintiff indicates that he was confined to his cell because of his

18 "Black Hebrew Israelite race" on several occasions between August 12, 2010 and September 12,

19 2013.  The last incident occurred on September 12, 2013, when Plaintiff was confined to his cell

20 for thirty days.  Plaintiff filed this complaint on January 14, 2014 and his allegations show that he

21 was not in imminent danger on this date.  Because Plaintiff was not in imminent danger at the time

22 he filed his complaint, the complaint must be dismissed.

23     Plaintiff argues that he is in imminent danger in the future because Defendants' "race-based

24 lockdown policy" has not changed.  However, under *Andrews*, the danger must exist at the time

25 the complaint is filed, not in the past or the future.

## CONCLUSION

27     Based on the foregoing, the Court orders as follows:

28     1. Plaintiff's motions to proceed in forma pauperis are DENIED.  Doc. nos. 6 and 7.  The

1 | instant action is DISMISSED without prejudice to bringing it in a paid complaint.

2. The Clerk of the Court shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: 6/27/14

_____
KANDIS A. WESTMORE
UNITED STATES MAGISTRATE JUDGE

3